JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMIAN R. GARCIA, individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br><br>        v.<br><br>GENESCO, INC., and DOES 1-20, inclusive,<br><br>               Defendants. | Case No. : CV 13-6384-DMG (JEMx)<br><br>**FINAL ORDER APPROVING CLASS ACTION SETTLEMENT AND JUDGMENT** |

———

The Court conducted a hearing regarding Plaintiff's Motion for Final Approval of Class Action Settlement and Judgment, Plaintiff's Unopposed Application for Approval of Attorneys' Fees and Costs, Class Representative's Service Payment and General Release Payment, and Settlement Administration Expenses on May 8, 2015, at 9:30 a.m.  The proposed settlement in this case was preliminarily approved by the Court on December 9, 2014.  Pursuant to the Court's Preliminary Approval Order and the Notice provided to the Class, the Court conducted a final fairness hearing as required by Federal Rule of Civil Procedure 23(e).

The parties appeared by and through their respective counsel of record.

The Court having read and considered the papers and the arguments of counsel, the response of the Class Members to the Joint Stipulation of Settlement and Release (hereafter, the "Settlement Agreement"), and good cause appearing therefor, the Court GRANTS Plaintiff's Motion for Final Approval of Class Action Settlement and Judgment, Plaintiff's Unopposed Application for Approval of Attorneys' Fees and Costs, Class Representative's Service Payment and General Release Payment, and Settlement Administration Expenses in its entirety and rules as follows.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.    Except as otherwise specified herein, the Settlement Agreement and all definitions set forth therein are hereby incorporated with and made part of this Final Order Approving Class Action Settlement and Judgment ("Final Order and Judgment").

2. As used herein, the term "Settlement Class Member" shall be defined as all Class Members who did not properly and timely request exclusion pursuant to the Order Granting Preliminary Approval of Class Action settlement entered by this Court on December 9, 2014.

3.     Attached as **Exhibit A** is a list containing the name of the one class member who submitted a valid request for exclusion.  This class member is hereby excluded from the class and not bound by the Settlement or the Court's judgment in this action.

4.     The Settlement Agreement previously filed in this action, and the terms set forth therein, are hereby found and determined to be fair, reasonable, and adequate to the Class when balanced against the probable outcome of extensive and costly litigation.  *Staton v. Boeing*, 327 F.3d 938, 960 (9th Cir. 2003). Substantial formal and informal discovery, investigation, and research have been conducted such that the Parties' respective counsel at this time are reasonably able to evaluate their respective positions.  It appears to the Court that settlement will avoid substantial additional costs by all parties, as well as the delay and risk that would be presented by further prosecution of this action.  The Court finds that the settlement that has been reached as the result of intensive, noncollusive, arm's-length negotiations, thorough factual and legal investigation, and the good faith exchange of information and documents.   In granting final approval of the Settlement Agreement, the Court considered the nature of the claims, the amounts and kinds of benefits paid in settlement, the allocation of the settlement proceeds to the Settlement Class Members, and the fact that the settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial.  The Court further finds that the positive response of the Class to the Settlement Agreement amply supports final approval, as no Settlement Class Member has objected to the Settlement Agreement, and thus the Settlement Agreement is hereby approved and ordered to be performed by all parties.

5.     The Court finds that the form, manner and content of the Class Notice as detailed in the Settlement Agreement and Exhibits thereto provided a means of notice reasonably calculated to apprise the Settlement Class Members of the pendency of the action and the proposed settlement, and thereby met the

requirements of Rule 23(c)(2) of the Federal Rules of Civil Procedure, as well as due process under the United States Constitution and any other applicable law, and constituted due and sufficient notice to all Settlement Class Members entitled thereto.  Specifically, individual notice was provided to all Settlement Class Members by regular mail to all such persons at their last known mailing address on file with Defendant, or an updated address obtained by the Claims Administrator. The Claims Administrator took reasonable steps to provide the Notice of Settlement and Claim Form to Settlement Class Members when it learned that the address to which those documents were mailed was no longer accurate.  These documents informed Settlement Class Members of the terms of the Settlement Agreement, their right to claim a share of the settlement proceeds and the procedure therefore, their right to object to the Settlement or to opt out of the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the Final Approval Hearing and be heard regarding the final approval of the Settlement.  Notice was provided with ample time for the Settlement Class Members to follow these procedures.

6.     This Final Order and Judgment applies to all claims or causes of action settled under the terms of the Settlement Agreement, and shall be fully binding with respect to all Settlement Class Members.  Upon entry of this Order, Class Representative and Plaintiff Damien Garcia and all Settlement Class Members who did not timely and validly request exclusion are hereby barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, any and all Released Claims pursuant to, and to the extent provided, in the Settlement Agreement.  All of the Settlement Class Member Released Claims shall be conclusively deemed released and discharged as to Defendant as provided in the Settlement Agreement.  All Settlement Class Members shall be bound by this release whether or not they have submitted a Claim Form necessary to receive

1  payment of their allocated settlement amount, unless they validly and timely

2  requested to be excluded from the Settlement.

3        7.    This Final Order shall have the force and effect of *res judicata* as to

4  each Settlement Class Member who did not timely opt out of the Settlement

5  Agreement.

6        8.    The Settlement is not an admission by Defendant nor is this Final

7  Order a finding of the validity of any claim in the lawsuit or any wrongdoing by

8  Defendant.  Furthermore, the Settlement will not be (i) construed as, offered or

9  admitted in evidence as, received as, or deemed to be evidence for any purpose

10  adverse to Defendant, including, but not limited to, evidence of a presumption,

11  concession, indication or admission by Defendant of any liability, fault,

12  wrongdoing, omission, concession or damage; nor (ii) disclosed, referred to or

13  offered in evidence against Defendant, in any further proceeding in the lawsuit, or

14  any other civil, criminal or administrative action or proceeding except for purposes

15  of effecting the Settlement.  However, the Settlement may be admitted in evidence

16  and otherwise used in any and all proceedings to enforce any or all terms of the

17  Settlement, or to support a defense by the Released Parties of *res judicata*,

18  collateral estoppel, release, waiver, good faith settlement, judgment bar or

19  reduction, and any other applicable defenses.

20        9.    All claims asserted by Representative Plaintiff and the Settlement

21  Class Members in this Action are hereby dismissed with prejudice.

22        10.    The Claims Administrator shall conduct the administration of the

23  settlement payments as provided in the Settlement Agreement.  The Claims

24  Administrator shall disburse attorneys' fees and costs to the Class Counsel from

25  the Maximum Settlement Amount as ordered by the Court.  The Claims

26  Administrator shall prepare and issue all disbursements of the Net Settlement

27  Amount to Qualified Claimants.

28

11.     The Court finds that James R. Hawkins APLC is qualified to represent the Settlement Class and confirms their appointment as Class Counsel.  The Court hereby grants Class Counsel's request for an award of attorneys' fees in the amount of $275,000.00 and costs in the amount of $7,557.80 to be paid from the Maximum Settlement Amount.  The Court finds that the amount of this award is fair and reasonable in light of the time and efforts expended by Class Counsel in prosecuting this Action and work performed which benefitted the Class. Importantly, there were no objections to the requested fee and costs award from any member of the Class.

12.     The Court finds and determines that the payment of $3,750 to the California Labor and Workforce Development Agency ("LWDA") in settlement of the LWDA's share of the penalties alleged by Plaintiff and compromised under the settlement is fair and reasonable.  The Court hereby gives final approval to and orders that the payment of that amount be made to the LWDA out of the Maximum Settlement Amount in accordance with the terms of the Settlement.

13.     The Court finds that it is appropriate for the Class Representative Damien Garcia to be paid $5,000 as a Service Enhancement in recognition of his contribution to this litigation and service to the Class, and as a General Release Payment in consideration of her general release of all claims against Defendant. This payment shall be paid from the Maximum Settlement Amount, as detailed in the Settlement Agreement.

14.  The Court approves the payment of settlement administration expenses to CPT Group, Inc. in an amount not to exceed $19,500.  This payment shall be made from the Maximum Settlement Amount and any uncharged portion of this amount shall be added to the Net Settlement Amount.

15.     Without affecting the finality of this Final Order and Judgment in any way, the Court hereby retains continuing jurisdiction over the Parties for the purpose of construing, enforcing and administering this Final Order and Judgment

and the terms of the Settlement Agreement.  The time to appeal from this Judgment shall commence upon its entry.

16.    In the event that the Effective Date defined in the Settlement Agreement does not occur, this Judgment shall be rendered null and void and shall be vacated, *nunc pro tunc*, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo ante rights of Plaintiff, Settlement Class Members, and Defendant.

17.    The Court hereby enters Judgment approving the terms of the Settlement.  This document shall constitute a final judgment for purposes of Federal Rule of Civil Procedure 58.

18.    This case is hereby **DISMISSED WITH PREJUDICE**, with each party to bear his, her, or its own costs, except as set forth herein, and with this Court retaining exclusive jurisdiction to enforce the Settlement Agreement, including jurisdiction regarding over the disbursement of the Settlement funds.

**IT IS SO ORDERED.**

Dated: May 8, 2015

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

1

**<u>Exhibit A to Final Approval Order – <i>Garcia v. Genesco, Inc.</i></u>**

2

Tami Holtz

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28